UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present: Judges Humphreys, O'Brien and Retired Judge Felton*


KYLE CREWS

v.      Record No. 1272-16-2

HALIFAX COUNTY DEPARTMENT
 OF SOCIAL SERVICES

MEMORANDUM OPINION**
PER CURIAM
FEBRUARY 28, 2017


FROM THE CIRCUIT COURT OF HALIFAX COUNTY
Kimberly S. White, Judge

(Brendan U. Dunning, on brief), for appellant.

(Carol B. Gravitt; Melissa Fraser, Guardian *ad litem* for the minor
child; Gravitt Law Group, P.L.C.; Fraser & Freshour, P.C., on brief),
for appellee.


Kyle Crews (father) appeals an order terminating his parental rights to his son, J.C. Father

argues that the trial court "erred in finding that the Department of Social Services proved by clear

and convincing evidence that the termination of the parental rights of Kyle L. Crews was in the best

interests of the child." Upon reviewing the record and briefs of the parties, we conclude that this

appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See

Rule 5A:27.

BACKGROUND

We view the evidence in the light most favorable to the prevailing party below and grant

to it all reasonable inferences fairly deducible therefrom. See Logan v. Fairfax Cty. Dep't of

Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991).

---

* Retired Judge Felton took part in the consideration of this case by designation pursuant
to Code § 17.1-400(D).

Father has twelve children. In 2009, one of father's children, who was four months old at the time, suffered a severe brain injury while in father's care. As a result of the child's injuries, the child is profoundly disabled and cannot see, talk, or walk. On February 15, 2012, the Halifax County Juvenile and Domestic Relations District Court terminated father's parental rights to that child.

On June 17, 2014, the Charlotte County Juvenile and Domestic Relations District Court terminated father's parental rights to two other children, born in April 2013 and February 2014. The younger child was two months old at the time of the incident. That child was diagnosed with failure to thrive and non-accidental trauma. The child suffered from various fractures to the clavicle, radius, both tibias, and a finger. Due to lack of care, the child had skin problems and lost a fingernail. The older child was twelve months old at the time and was diagnosed with non-accidental trauma. As with the younger child, the older child suffered from various fractures to the clavicle, femur, and a finger. The children's fractures occurred and healed at different times. In 2016, as a result of the children's injuries, the Charlotte County Circuit Court convicted father of two counts of felony child abuse.

J.C. was born in June 2015. The Halifax County Department of Social Services (the Department) removed J.C. from his parents' care shortly after his birth. He remained in foster care for approximately one month until the Halifax County Juvenile and Domestic Relations District Court ordered that J.C. be returned to his parents. The Department appealed, and on September 22, 2015, the Halifax County Circuit Court returned custody of the child to the Department. While in father's care, J.C. suffered from two subconjunctival hemorrhages and

---

** Pursuant to Code § 17.1-413, this opinion is not designated for publication.

two non-accidental rib fractures.[1]  Dr. Robin Foster, the Division Chairman of Pediatric Emergency Medicine and the Director of the Child Protective Team at Children's Hospital of Richmond at Virginia Commonwealth University Health Systems, testified that moderate to severe force would be required to cause the rib fractures and were likely caused by the child being squeezed tightly.

On October 20, 2015, the Department filed a petition to terminate father's parental rights to J.C.  On March 23, 2016, the Halifax County Juvenile and Domestic Relations District Court terminated father's parental rights to J.C.  Father appealed.

On June 30, 2016, the parties presented their evidence and argument to the circuit court. On July 18, 2016, the circuit court entered orders terminating father's parental rights pursuant to Code § 16.1-283(B), (E)(i), (E)(iii), and (E)(iv) and approving the foster care plan with the goal of adoption.  This appeal followed.

## ANALYSIS

"Where, as here, the court hears the evidence *ore tenus*, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it."  Martin v. Pittsylvania Cty. Dep't of Soc. Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986) (citation omitted).  When considering termination of parental rights, "the paramount consideration of a trial court is the child's best interests."  Logan, 13 Va. App. at 128, 409 S.E.2d at 463.

Father argues that the circuit court erred in terminating his parental rights to J.C.  He concedes that the Department presented sufficient evidence to prove that his parental rights had been terminated to three of his other children, that he was convicted of felony child abuse with

---

[1] On October 8, 2016, the Halifax County Circuit Court convicted father of felony child abuse as a result of J.C.'s injuries.

respect to two of his other children, and that J.C. "suffered broken ribs without any accidental explanation of this injury." Appellant argues that "the law should be changed," so that his parental rights to J.C. would not be terminated.

As father acknowledged, the Department presented sufficient evidence to prove that father's parental rights previously had been terminated to three of his children. Pursuant to Code § 16.1-283(E)(i),

> [t]he residual parental rights of a parent or parents of a child who is in the custody of a local board or licensed child-placing agency may be terminated by the court if the court finds, based upon clear and convincing evidence, that it is in the best interests of the child and that . . . the residual parental rights of the parent regarding a sibling of the child have previously been involuntarily terminated . . . .

The circuit court did not err in terminating father's parental rights to J.C. pursuant to Code § 16.1-283(E)(i). When a trial court's judgment is made on alternative grounds, we need only consider whether any one of the alternatives is sufficient to sustain the judgment of the trial court, and if so, we need not address the other grounds. See Fields v. Dinwiddie Cty. Dep't of Soc. Servs., 46 Va. App. 1, 8, 614 S.E.2d 656, 659 (2005) (the Court affirmed termination of parental rights under one subsection of Code § 16.1-283 and did not need to address termination of parental rights pursuant to another subsection). Therefore, we will not consider whether the trial court erred in terminating father's parental rights pursuant to Code § 16.1-283(B), (E)(iii), and (E)(iv).

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.